## THE STATE VS. JOHN THOMPSON.

*Indictment Burglary—Verdict—Guilty of stealing from the dwelling House.*

If on an indictment for Burglary, the Jury find the prisoner " guilty of stealing from the dwelling house," the verdict will be set aside, and a new trial awarded.

### By CHARLTON, Judge.

A new trial is moved for in this case, by *Pelot*, assigned counsel for the prisoner, upon these grounds :

*1st.* That the Jury by their verdict, have found the prisoner guilty of an offence, contrary to the 35th Sect. of the 6th Div. of the penal code of this State, which declares and defines larceny from the house to be " the entering or breaking any house, other than a dwelling house, or its appurtenances, with an intent to steal, or after entering or breaking said house, stealing therefrom any money, goods, chattels, wares, merchandise, or any thing, or things of value whatever."

*2ly.* That the Jury have found the prisoner guilty of an offence, not punishable by the penal code, and upon which the Court, cannot pass its judgment.

The prisoner was indicted for *Burglary*, and the indictment contains no other count. The conviction is " *larceny* from the dwelling house." The question for the consideration of the Court is, can this insulated accusation receive the aspect given it by the Jury? *Burglary*, as defined by the penal code of this State, is the breaking *or* entering into the dwelling or mansion house, with intent to commit a felony—It may be committed in the day or night. The definition of the offence by the English law is somewhat variant. It is—" a breaking *and* entering the

mansion house of another, in the *night*, with intent to commit some felony, within the same, whether such intent be executed or not"—(2 *East. C. L.* 484.) The variances between the two systems are—breaking, *or* entering, in the night *or day*, with intent to commit a felony, according to the penal code of Georgia*—a breaking *and* entering, with a similar intent, in the *night*, according to the law of England.

Subject to these variances and distinctions, the acts which constitute entering or breaking, or either, and all the incidents of the offence, are to be sought for in English law, as explained in English adjudications.

We have adopted the offence and all the ideas, (with the differences as designated) from the criminal code of England, and when our own system is silent beyond the definition of the crime and its appellation, it follows, that we have consented to adopt the superstructure of our ancestors, erected upon a similar foundation, provided there is no interference with our statutory regulations.

The next question which therefore presents itself for consideration, is, whether English law and English precedents support this verdict of the Jury.

The *Solicitor General*, referred to the case of the *King* vs. *Comer*. (1 *Leach. C. L.* p. 36)—and the *King* vs. *Withal* and *Overend*, (*ibid* 88.) In the first case, *Comer* was indicted, as in the case before us, singly for burglary. The verdict of the Jury was: " Guilty of felony only, in stealing goods, &c.—not guilty of the burglary." The point being reserved, it was unanimously agreed by nine Judges, who met at the Chambers of the Chief Justice, that this verdict, for the reasons assigned in the case, and

---

* By the existing law of Georgia there must be a breaking *and* entering.—(*Ed.*)

particularly for this specific acquittal of the burglary, was an acquittal of stealing in the dwelling house; but if the phraseology of the verdict had been : not guilty of entering and breaking the house in the night time, but guilty of the rest of the indictment, he then would have been convicted of stealing 40s., (though no count for that offence) in the dwelling house, contrary to Stat. 12 *Ann.* c. 7; such finding would not negative the felony as in the verdict rendered by the words not guilty of the burglary. In the case of the *King* vs. *Withal* and *Overend*, the verdict was entered in these words : "not guilty of entering and breaking the dwelling house in the night, but guilty of stealing the box and money in the dwelling house." There was no separate count on the Stat. 12 *Ann.* The judges were of opinion, that the prisoners were by this finding, ousted of their clergy, for that the indictment contained every charge that *was necessary* in an indictment upon that statute, viz : stealing in a *dwelling house*—to the amount of forty shillings. The 12 *Ann,* declares : "that if any person, shall enter into the mansion or dwelling house of another, by day or by night, without breaking the same, with an intent to commit felony, or being in such house, shall commit any felony, and shall in the *night* time break the said house to get out of the same, such person is, and shall be taken to be guilty of burglary, and shall be ousted of his or her benefit of clergy, in the same manner as if such person had broke, and entered the said house in the night time, with intent to commit felony there. (*Tomlins'* Digest, p. 89. 12 *Ann.* Stat. 1, c. 7, s. 3.)

It must be observed, that this statute innovates upon the common law burglary, in these particulars. 1st. That there must be a breaking out in the night time. 2d. An entry with intent to commit a felony in the day or night. The essential constituent of the common law offence, a dwelling or mansion house, is preserved. This being the consanguinity, (if I may so express it) between the common law and statute burglaries, a *breaking out*

being proved, a verdict might be sustained for this *offence* on an indictment for burglary, in its original character. But the cases from *Leach,* have reference to another section of this statute of *Ann :*—It declares any larceny in a dwelling house or its out houses to the value of *forty shillings,* to be debarred the benefit of clergy, though the house is not broken open. (*Tomlins'* Digest, 428, 429.) A conviction of this offence, according to the cases cited by Mr. *Solicitor,* is deemed sufficient, though no distinct count in the indictment on the statute, for say the English judges, the indictment for burglary contains every charge that is necessary in an indictment upon that statute. This offence must be committed in a dwelling house, or a house under its protection. This brings us at length to the objection taken in this case by the counsel for the prisoner. It is contended, that no section of 12 *Ann,* will apply, 1st. Because no breaking out was in evidence, and 2d. That the verdict cannot be supported on the ground that the larceny is of the value of forty shillings, because that species of larceny must be committed in a dwelling house, or a house within its curtilage : and under our penal code, to constitute a larceny from the house, there must be an entry or breaking, (as contemplated in the crime of burglary) either in a dwelling house, or, its appurtenances, with intent to steal, or stealing therefrom. This indictment cannot, therefore, (in the face of proof that the larceny *was* committed in a dwelling house, without illegal entry, or breaking,) and does not contain " every charge necessary in an indictment" upon this section of the penal code of Georgia. To this construction of our code, with all my impressions of the guilt of the prisoner, my conscience and duty compel me to assent : and though required by the code to give a liberal exposition to its language and sentiments, I cannot recognize a verdict like this, in opposition to its plain, intelligible and unambiguous letter. Upon the whole, I am of the opinion, that the prisoner is entitled to a new trial, and it is ordered accordingly.

PELOT—for the motion.